ALAMOANA S. MULITAUAOPELE, LISA MULITAUAOPELE, AND ALAMOANA RECIPE, INC., Plaintiffs,

v.

AMERICAN SAMOA GOVERNMENT AND TAX OFFICE, OILAU FA`AOLA, TOGIOLA T. TULAFONO, Defendants.

High Court of American Samoa
Trial Division

CA No. 110-99

March 16, 2000

Before KRUSE, Chief Justice, LOGOAI, Associate Justice, and SAGAPOLUTELE, Associate Justice.

Counsel: For Plaintiffs Alamoana S. Mulitáuaopele and Lisa
Mulitauaopele, *Pro Se*
For Plaintiff Alamoana Recipe, Inc., unrepresented

For Defendants American Samoa Government and Togiola T.
Tulafono, Fiti A. Sunia, Assistant Attorney General
For Defendant Oilau Fa' aola, Marshall L. Ashley

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT, DENYING IN PART AND GRANTING IN PART
DEFENDANTS' MOTIONS TO DISMISS

Plaintiffs Alamoana S. Mulitauaopele ("Alamoana"), Lisa Mulitauaopele
("Lisa"), and Alamoana Recipe, Inc. ("Recipe, Inc."), have filed a
complaint against the American Samoa Government and the Tax Office
("ASG"), Lieutenant Governor Togiola T. Tulafono ("Tulafono"), and
Oilau Fa`aola ("Fa`aola"), alleging a number of claims. Plaintiffs allege
that ASG breached a lease to Recipe, Inc. of certain land in Atu`u by
illegally terminating the lease. Plaintiffs also claim that the ASG Tax
Office failed to pay them overdue tax refunds and illegally levied funds.
Alamoana further claims that Tulafono defamed him by accusing him of
taking government stationary and drafting a letter purporting to be by the
governor. Against Fa`aola, plaintiffs claim that Fa`aola damaged the
Atu`u property and also failed to pay pursuant to plaintiffs' and Fa`aola's
agreement regarding plaintiffs' business on the Atu`u property.

There are a number of motions before the Court. ASG and Tulafono
have filed motions to dismiss under T.C.R.C.P. 12(b)(6) for failure to
state a claim. Fa`aola has also filed a motion to dismiss under
T.C.R.C.P. 12(b)(6). Alamoana responded with a motion for default
judgment citing the defendants' failure to respond to the complaint.

### I. Alamoana's *Pro Se* Representation of Other Plaintiffs

As a preliminary matter, we affirm our statement made to Alamoana
at the hearing on January 21, 2000, that he may only represent himself,
not the other plaintiffs in this lawsuit. While non-lawyers may represent
themselves, they are not allowed to represent other individuals or
corporations. Under A.S.C.A. § 31.0104, it is a misdemeanor for an
unlicensed or unauthorized person to practice law. "The legal
representation of another in court . . . falls well within the definition [of
the practice of law]." *Pene v. Am. Samoa Gov't*, 12 A.S.R.2d 43, 47
(App. Div. 1989). The requirement that only attorneys may practice law
"protects the public against rendition of legal service by unqualified
persons." MODEL RULES OF PROF'L CONDUCT R. 5.5 cmt. (2000).
Furthermore, a corporation is almost never allowed to appear in a court
of record unless represented by a licensed attorney. *See* HENN &
ALEXANDER, LAWS OF CORPORATIONS § 80, at 151 n.12 (3d ed. 1983). There
was a case in American Samoa in which the Court allowed a corporation
to be unrepresented by counsel, referring to the corporation as a

"sophisticated litigant". *Wattie Exports Ltd v. Pac. Indus.*, 6 A.S.R.2d 30, 31 (Trial Div. 1987). However, *Wattie Exports* only involved the Court's approval of a stipulated judgment and the case cites no precedent for allowing such a move.

We therefore find that Recipe, Inc. may not proceed in this lawsuit unless and until it is represented by counsel. Furthermore, we will only consider plaintiffs' motion as a motion by Alamoana individually, not the other plaintiffs, Lisa and Recipe, Inc.

## II. Alamoana's Motion For Default Judgment

Alamoana has requested default judgment against all defendants for failure to respond to the complaint, which was filed on November 1, 1999. The same day, the Court summoned defendants to serve plaintiffs with an answer within twenty days after the summons was served and to file a copy with the Clerk of the Court. ASG and Tulafono filed a motion to dismiss under T.C.R.C.P. 12(b)(6) on December 13, 1999. Oilau Fa`aola filed a motion to dismiss under T.C.R.C.P. 12(b)(6) on December 30, 1999.

■ Defendants are required to file motions to dismiss for failure to state a claim under T.C.R.C.P. 12(b)(6) before filing any responsive pleading. They therefore followed the proper procedure. It is unclear from the Clerk of Court's file, however, whether the defendants had indeed failed to respond in a timely fashion. We see no returns filed by plaintiffs certifying personal service upon ASG and Fa`aola, although there is a return of service filed on December 8, 1999, certifying service of the summons and complaint upon the Law Offices of Marshal Ashley on December 7, 1999. Nonetheless, the court should be "slow in granting default judgments, mindful of its partiality for trial on the merits." *E-C Rental Serv. v. Pedro*, 26 A.S.R.2d 65, 67 (Trial Div. 1994). Therefore, despite untimely delays on the defendants' part, if there were any, it would be inappropriate to allow default judgment.

Alamoana's motion for default judgment is denied.

## III. ASG and Tulafono's Motion To Dismiss

### A. Lease Termination

■ ASG seeks dismissal, under T.C.R.C.P. 12(b)(6), of plaintiffs' claim that ASG wrongfully terminated plaintiffs' lease of property in Atu`u ("Atu`u lease"). ASG argues that the complaint makes no allegation as to what conduct on the part of ASG was wrongful. However, the

complaint clearly alleges in paragraphs (7) to (9) that ASG's lease termination was wrongful because plaintiffs had complied with the terms of the lease. According to the complaint, plaintiffs received on October 16, 1995, a letter dated September 27, 1995, in which ASG gave plaintiffs a 30 day notice to cure defaults on the lease. Plaintiffs responded on November 13, 1995, informing ASG that they had complied with the lease and provided supporting documentation. ASG nonetheless terminated the lease on February 13, 1996, citing the failure to correct the defaults.

We hold that the complaint has sufficiently stated a cause of action for breach of the lease. ASG's motion to dismiss this cause of action is denied.

B. Defamation of Character

Alamoana alleges that Tulafono defamed him in a letter dated June 10, 1996, from Tulafono to Alamoana, with a copy to the Attorney General. The allegedly defamatory statement is the following:

> I am asking the Attorney General to investigate how you came into possession of stationery from the Governor's office in order to draft the letter purporting to be the Governor's official action when it definitely appear [sic] to me that you may be the author of the letter Serial 624, dated June 7, 1996. I would be most curious to know how this letter was drafted and allegedly signed by the Governor when his staff do not even know anything about it.

(Compl. Ex. 17.)

Tulafono argues that Alamoana has failed to state a claim because a request for investigation by the Attorney General is privileged. Tulafono is correct; reports to proper government officials concerning law violations are absolutely privileged. *Cushman v. Edgar*, 605 P.2d 1210, 1212 (Or. 1980); RESTATEMENT (SECOND) OF TORTS, §587 cmt. b (1965). Plaintiff Alamoana's claim for defamation is therefore dismissed.[1]

---

[1] Alamoana argues that it is improper for the Attorney General to represent Lieutenant Governor Tulafono because plaintiffs are suing Tulafono in his individual capacity. The allegedly defamatory statement occurred in a letter sent to Alamoana from Tulafono's law office as part of Tulafono's then-representation of Fa'aola in anticipation of the present lawsuit. (*See* Compl. Ex. 17.) Plaintiff is therefore correct that Tulafono was acting as a private attorney, not in his capacity as Lieutenant Governor. However, while we may have reservations about

## C. Tax Claims

### 1. Tax Refund

Plaintiffs Alamoana and Lisa allege that ASG's Tax Office has failed to refund plaintiffs' taxes from the years 1990-1993 and 1997-1998. (*See* Complaint Ex. 17.) The United States Revenue Code ("Internal Revenue Code") is, except where otherwise required, applicable to American Samoa. A.S.C.A. § 11.0401. Claims for erroneously or illegally assessed or collected taxes are subject to the same statutory requirements as those for recovery against the United States in United States district courts. A.S.C.A. § 11.0409.

ASG argues that the claim regarding taxes from 1990 to 1993 fails to state a cause of action under T.C.R.C.P. 12(b)(6) because it is barred by a three-year statute of limitations. Under the Internal Revenue Code, a claim for a credit or refund must be filed by the taxpayer "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires later." 26 U.S.C.A. § 6511(a) (2000). Because we have no information from which to determine when the returns were actually filed or paid, we cannot determine when the statute of limitations began to run and whether it has expired. We therefore deny ASG's motion to dismiss on this ground.

■ ASG argues that the claim is also defective because plaintiffs have not exhausted their administrative remedies. Before filing a suit for the recovery of taxes erroneously or illegally assessed or collected, plaintiffs must file a claim for a refund or credit and this claim must be either denied or ignored for six months. *See* 26 U.S.C.A. §§ 6532(a) and 7422(a) (2000). Plaintiffs have failed to show that they have filed an administrative claim for any of the taxes assessed for any of the years. Plaintiffs' claim for overpaid taxes is therefore dismissed without prejudice. Plaintiffs may file an amended claim if they may truthfully assert that they have followed the required administrative procedures.

### 2. Levy of Property

Plaintiffs Alamoana and Lisa allege that the ASG Tax office illegally levied theft property. While the complaint is not completely clear, it appears that plaintiffs allege that three levies were illegal: Plaintiffs assert that ASG improperly levied $3,981 from the joint account of plaintiff Lisa and her sister Sina Ward because ASG had no right to levy

---

the advisability of the Attorney General's representing a government official acting in his private capacity, we know of no authority, statutory or otherwise, from which to find that such representation is improper.

Ward's funds. They also claim that they were deprived due process because they were not afforded the required notice of the levy of an unknown amount and because the notices were never executed as required by A.S.C.A. §§ 11.0412 and 11.0201. Lastly, they allege that ASG's audit of their 1994 taxes violated the statute of limitations applicable to such audits.

■ ASG has moved for dismissal on the ground that the government is entitled to levy a bank account held jointly by the offending taxpayer and a third-party. Under 26 U.S.C.A. § 6331, the government may levy the property of a delinquent taxpayer to satisfy the taxpayer's debt. Because each party to a joint bank account has the right to withdraw all of the funds from the account, the funds in a jointly held bank account are considered the taxpayer's property, which may subject to levy. *United States v. Nat. Bank of Commerce*, 472 U.S. 713, 724 (1985). When a taxpayer has the "right to withdraw funds from the account, it is inconceivable that Congress intended to prohibit the Government from levying on that which is plainly accessible to the delinquent taxpayer-depositor." *Id.* at 726 (internal quotes and citations omitted).

ASG's motion is therefore granted and the claim is dismissed with regard to the levy of funds from Lisa and Sina Ward's bank account.[2]

ASG has only argued for dismissal on this one claim. The motion to dismiss the claim as it pertains to the other claims for illegal levy is therefore denied.

### IV. Fa`aola's Motion To Dismiss

Fa`aola filed a motion to dismiss plaintiffs' claims for breach of contract and property damage under T.C.R.C.P. 12(b)(6), arguing that the complaint fails to state a claim.

A. Contract Claim

■ While plaintiffs' claim is vague, we liberally construe the claims of *pro se* litigants. It appears that plaintiffs have asserted breach of contract against Fa`aola in paragraph eleven of the complaint by stating that plaintiffs terminated Fa`aola's contract due to delinquent payment on their employment agreement. It also appears that plaintiffs have made a

---

[2] In so holding, we have not made any determination with regard to Sina Ward's ownership rights in the property. The government's levy is provisional; if the money in the bank account properly belongs to Ward, there may still be administrative or judicial remedies available to her. *See id.* at 731.

claim for property damage. This claim is implicitly alleged in paragraphs eleven and twelve of the complaint in which plaintiffs state that there has been "property damages [*sic*] in the amount of $15,000" and that they were "[c]oncerned with additional destruction of the facilities."

Fa`aola argues for dismissal based on both lack of consideration and unenforceability. According to Fa`aola, there was no consideration on the contract because the plaintiffs did not compensate her. Furthermore, she argues that, assuming the contract was valid, it terminated upon her failure to pay, so there is no claim upon the contract.

For Rule 12(b)(6) purposes, the Court accepts plaintiffs' factual allegations as true. *Hartford Fire Ins. Co. v. Cal.*, 509 U.S. 764, 770 (1993). Plaintiffs have alleged that there was a contract, and have adequately pled that Fa`aola breached the contract. The complaint therefore states a cause of action. We will not determine at this time whether there was adequate consideration. The contract was stated as being an employment contract, which would entitle Fa`aola to payment rather than plaintiffs. However, the fact that payment flowed the other way, from Fa`aola to plaintiffs, indicates the contract may well have been something else, a sub-lease or some other agreement by which Fa`aola paid a fee in exchange for business earnings. Furthermore, we will not determine whether termination of the contract eliminated plaintiffs' right to sue on the contract. Contract interpretation is not something to be decided in a Rule 12(b)(6) motion. Fa`aola's motion to dismiss the contract claim is therefore denied.

B. Property Damage Claim

Fa`aola also argues for dismissal on plaintiffs' claim for property damage. According to Fa`aola, this claim fails to assert the existence of property damage and fails to allege a causal connection between Fa`aola and the purported damage. Plaintiffs' allegations are even more vague in this instance. However, "[*p*]*ro se* pleadings should be construed to state a cause of action ... unless the Court can say with assurance that the litigant can prove no set of facts in support of his claim that would entitle him to relief." *Dev. Bank of Am. Samoa v. Ilalio*, 5 A.S.R.2d 110, 116 (Trial Div. 1987). Plaintiffs allege that they terminated their contract with Fa`aola in part because of property damage, and it appears that Fa`aola had possession of the property at the time. Liberally construing plaintiffs' claims, we cannot state that plaintiffs can prove no set of facts that would entitle them to relief, and therefore deny Fa`aola's motion to dismiss on this ground.

■ However, as Fa`aola argued, the claim is barred by the statute of limitations. The statute of limitations for torts based on injury to property is generally three years when not asserted against the government. A.S.C.A. § 43.0210(7). The statute of limitations begins to run when the damage occurs that gives rise to the cause of action. According to Fa`aola, this claim arose, if at all, on February 13, 1996. But Fa`aola failed to state a reason why this date is appropriate. ASG's letter terminating the lease with Recipe, Inc. was dated February 13, 1996, and it is likely that Fa`aola believes the cause of action arose on this date because of the lease termination. Nonetheless, Fa`aola has failed to state why this date is dispositive, and we decline to speculate on her behalf.

According to plaintiffs, they filed final notice on Fa`aola on or about May 25, 1996, in part because of damage to the property. It is therefore unclear when the purported damage occurred, but it must have occurred before this date. The cause of action therefore arose, at the latest, on May 25, 1996.

Plaintiffs initially filed a claim regarding the Atu`u lease against Fa`aola on April 14, 1999, as part of a counterclaim in CA No. 12-99 by Alamoana, d.b.a. Alamoana Yu-Tong and Recipe, Inc. They alleged that Fa`aola illegally ran a business on the premises in Atu`u with ASG's permission after ASG illegally terminated Alamoana's and Recipe Inc.'s lease. Nowhere in the claim do plaintiffs allege property damage, so the statute of limitations on this cause of action did not toll with the filing of that claim.

The statute of limitations therefore continued to run until the present claim was filed on November 1, 1999. This date is more than three years after May 25, 1996. Plaintiffs' claim for damage to property is barred by the statute of limitations and is therefore dismissed.

## IV. Order

We summarize our orders as follows:

1. Plaintiff Alamoana may not represent Lisa and Recipe, Inc.

2. Plaintiff Recipe, Inc. may not proceed in this action until it is represented by counsel.

3. Plaintiff Alamoana's motion for default judgment is denied.

4. Defendant ASG's motion to dismiss plaintiffs' breach of contract

claim is denied.

5. Defendant Tulafono's motion to dismiss plaintiff Alamoana's defamation claim is granted.

6. Defendant ASG's motion to dismiss plaintiffs Alamoana's and Lisa's tax refund claims is granted. Plaintiffs' claim is dismissed without prejudice.

7. Defendant ASG's motion to dismiss Alamoana's and Lisa's unlawful levy claim is granted as to the claim regarding Lisa's joint bank account, and denied as to the other claims.

8. Defendant Fa`aola's motion to dismiss plaintiffs' breach of contract claim is denied.

9. Defendant Fa`aola's motion to dismiss plaintiffs' property damage claim is granted.

It is so ordered.